**UNITED STATES of America**

v.

**Carmen GUEVERA, Defendant.**

**No. CR 84–00183.**

United States District Court, E.D. New York.

July 18, 1984.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Kevin J. O'Brien, Asst. U.S. Atty., Brooklyn, N.Y., for plaintiff.

Martin L. Schmukler, New York City, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is a criminal prosecution for narcotics violations. Defendant has moved to suppress certain evidence.

On February 16, 1984, federal officials, acting on probable cause, lawfully arrested defendant without a warrant on narcotics charges and lawfully searched her purse. The officials seized the purse and its contents and placed them in a vault. On April 11, 1984, the U.S. Attorney's Office informed defendant's counsel that certain documents had been seized from defendant and that the U.S. Attorney's Office was not aware of any other property having been seized from defendant. On May 22, 1984 defendant's travelling companion (upon whom nearly one pound of cocaine had been discovered on February 16, 1984) informed an Assistant U.S. Attorney and a Drug Enforcement Agency agent that defendant kept cocaine in her purse. The U.S. Attorney's Office apparently learned at this point for the first time of the seizure of the purse. On May 23, 1984 a government chemist opened the inner and outer compartments of the purse, and noticed some traces of white powder in the seams of the outer compartment, which powder appeared crystalline when viewed with a magnifying glass. The chemist then made two cuts in the side of the outer compartment of the purse, and scraped out some powder. The chemist then tested the powder, which proved to be cocaine in a virtually pure state. The test involved the destruction of some, but not all, of the powder. On June 4, 1984, the U.S. Attorney's Office informed defendant's counsel of the result of the test, and also informed defendant's counsel that certain documents (not the documents mentioned on April 11) had been found in the purse at the time of the arrest and seized, and that the government intended to retain these documents as evidence.

■ Defendant has moved to suppress the purse and its contents, and to exclude evidence of the result of the test.

Defendant argues that the chemist's search of the purse and test of the powder without a warrant was illegal, particularly in light of the facts that (1) the search involved the mutilation of the purse, and hence a deprivation of defendant's property; (2) the test involved the destruction of some of the white powder found in the purse; (3) the government failed to notify defendant's counsel of the seizure and retention of the purse, thereby precluding

defendant from moving for the return of the purse pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure.

We begin by holding that "once an item in an individual's possession has been lawfully seized and searched, subsequent searches of that item, so long as it remains in the legitimate uninterrupted possession of the police, may be conducted without a warrant." *United States v. Burnette*, 698 F.2d 1038, 1049 (9th Cir.1983), *cert. denied,* — U.S. —, 103 S.Ct. 2106, 77 L.Ed.2d 312 (1983). This is so because once an item has been searched, the owner's expectation of privacy in that item is significantly reduced. *Id.*

■ In the instant case, the purse was lawfully searched as an incident to a lawful arrest, as we have stated. Consequently, the seizure of the purse and its contents following the search was likewise lawful. *See United States v. Manzanilla-deJesus*, 507 F.Supp. 462, 466 (S.D.N.Y.1981), *affd.,* 671 F.2d 493 (2d Cir.1981).

■ Defendant argues that the government acted illegally in retaining possession of the purse and its contents without notifying defendant's counsel of their seizure. It should be noted that under Rule 41(d) of the Federal Rules of Criminal Procedure, a person from whom property is taken pursuant to a warrant may obtain an inventory of the property taken. In the instant case, since defendant knew that her purse and its contents were seized, the good faith statement by the U.S. Attorney's Office on April 11 that it was unaware of any property having been seized from defendant other than certain specified documents in no way prejudiced defendant or precluded her from moving for the return of her property. Consequently, the government's retention of the purse and its contents was not illegal. We need not here discuss the issues of whether Rule 41(d) applies to warrantless seizures, whether misleading statements (deliberate or otherwise) by government officials concerning seizure of property prejudicing a defendant's right to move for return of seized property pursuant to Rule 41(e) render the retention of such property by the government illegal, and whether (if so) evidence obtained as a result of searches of such illegally retained property must be suppressed.

■ Since the government's retention of the purse was legal, and since the purse had previously been lawfully searched by the government, the chemist's search of the purse was legal, pursuant to the holding of *United States v. Burnette, supra,* which we have adopted. Although defendant argues that the chemist's search and test were illegal because they involved the mutilation of the purse and the destruction of some of the chemical residue found in the purse, we disagree. In *United States v. Jacobsen,* — U.S. —, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), the Supreme Court held that the Fourth Amendment did not require a federal official to obtain a warrant before testing white powder merely by virtue of the fact that the test would result in the destruction of the powder. The Court explained:

> The law enforcement interests justifying the procedure were substantial; the suspicious nature of the material made it virtually certain that the substance tested was in fact contraband. Conversely, because only trace amounts of the material was involved, the loss of which appear to have gone unnoticed by [defendants], and since the property had already been lawfully detained, the "seizure" could, at most, have only a *de minimis* impact on any protected property interest ... Under these circumstances, the safeguards of a warrant would only minimally advance Fourth Amendment interests. This warrantless "seizure" was reasonable.

*Id.* at 1663. We therefore hold that the test of the white powder without a warrant in the instant case was legal, notwithstanding the fact that the test resulted in the destruction of defendant's property interest in some of the powder. We further hold that, given the fact the government had been informed that defendant kept cocaine in her purse, given the suspicious nature of the white powder the chemist

found in the seams of the purse before cutting the purse, and given the trivial value of the purse, the warrantless cutting of the purse was not illegal by virtue of the fact that it destroyed defendant's property interest in the purse. Although defendant relies upon *Schmerber v. California,* 384 U.S. 757, 774, 86 S.Ct. 1826, 1837, 16 L.Ed.2d 908 (1966), which holds that warrantless taking of blood samples is justified only under exigent circumstances, that case is not on point, as the mutilation of property (such as the instant purse) is in no way analogous in its intrusive effect to the breaking of human skin necessary for obtaining blood samples.

For the above reasons, we find that the purse and its contents should not be suppressed and evidence of the test should not be excluded pursuant to the Fourth Amendment. We do not here discuss the issue of whether such evidence may nevertheless be excluded pursuant to Rule 404(b) of the Federal Rules of Evidence (dealing with evidence of crimes other than that with which the defendant is charged).

We also find that a motion to suppress certain statements (not discussed in this memorandum) should be denied.

It is therefore

ORDERED, that this Court's previously issued oral order denying defendant's motion to suppress certain statements, and denying defendant's motion to suppress the purse and its contents and to exclude evidence of the test (without prejudice to defendant's claim under Rule 404(b) of the Federal Rules of Evidence), is hereby confirmed.

SO ORDERED.